**FILED**
UNITED STATES DISTRICT COURT
DENVER, COLORADO

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

**AUG 2 2 2011**

**GREGORY C. LANGHAM**
CLERK

Civil Action No. 11-cv-01598-BNB

RICK ALAN PIXLEY,

      Plaintiff,

v.

ADAMS COUNTY COLORADO,
ADAMS COUNTY SHERIFFS OFC. [sic],
DEPUTY GILBERT ABDULLAH,
DEPUTY CHRISTOPHER EYE, and
DEPUTY JAI ROGERS,

      Defendants.

---

ORDER DIRECTING PLAINTIFF TO FILE AMENDED COMPLAINT

---

Plaintiff, Rick Alan Pixley, initiated this action by filing *pro se* a Complaint asserting a deprivation of his constitutional rights pursuant to 42 U.S.C. § 1983. Mr. Pixley has been granted leave to proceed *in forma pauperis* pursuant to 28 U.S.C. § 1915.

The Court will construe the Complaint liberally because Mr. Pixley is not represented by an attorney. *See Haines v. Kerner*, 404 U.S. 519, 520-21 (1972); *Hall v. Bellman*, 935 F.2d 1106, 1110 (10th Cir. 1991). However, the Court should not act as an advocate for *pro se* litigants. *See Hall*, 935 F.2d at 1110. The Court has reviewed the Complaint and has determined that it is deficient. Mr. Pixley therefore will be directed to file an amended complaint for the reasons discussed below.

Mr. Pixley alleges that on April 8, 2011, he was arrested by two Adams County sheriff's deputies, who were assisted by a third sheriff's deputy from the K-9 unit.

Plaintiff alleges that after he surrendered to the sheriff's deputies, and was restrained by them physically, they allowed the canine to attack him on his arm, stomach and upper chest.  Mr. Pixley alleges that he suffers permanent injuries to his arm as a result of the canine attack, has undergone four surgeries, and can no longer perform his job as a construction worker.  He requests compensatory damages from the Defendants.

Mr. Pixley may not sue the Adams County Sheriff's Ofc. [sic] [Department] because the Sheriff's [Department] is not an entity separate from Adams County, Colorado, and, therefore is not a person subject to suit under § 1983.  *See Stump v. Gates*, 777 F. Supp. 808, 814-16 (D. Colo. 1991), *aff'd*, 986 F.2d 1429 (10th Cir. 1993). In addition, a local government entity such as Adams County is not liable under 42 U.S.C. § 1983 solely because its employees inflict injury on a plaintiff.  *Monell v. New York City Dep't of Social Servs.*, 436 U.S. 658, 694 (1978); *Hinton v. City of Elwood, Kan.*, 997 F.2d 774, 782 (10th Cir. 1993).   A plaintiff seeking to hold a municipality or county liable for his injuries under 42 U.S.C. § 1983 must show that a policy or custom exists and that there is a direct causal link between the policy or custom and the injury alleged.  *City of Canton, Ohio v. Harris*, 489 U.S. 378, 385 (1989); *Myers v. Oklahoma County Bd. of County Comm'rs*, 151 F.3d 1313, 1316-20 (10th Cir. 1998).  Mr. Pixley cannot state a claim for relief under § 1983 merely by pointing to isolated incidents.  *See Monell*, 436 U.S. at 694.   Accordingly, it is

ORDERED that Plaintiff, Rick Alan Pixley, file **within thirty (30) days from the date of this order,** an amended complaint that complies with the directives in this order.  It is

FURTHER ORDERED that Mr. Pixley shall obtain the court-approved Complaint form, along with the applicable instructions, at www.cod.uscourts.gov.  It is

FURTHER ORDERED that, if Mr. Pixley fails to file an amended complaint that complies with this order to the Court's satisfaction within the time allowed, the Court will dismiss Plaintiff's claims against Defendants Adams County, Colorado, and Adams County Sheriff's Ofc. [sic] for the reasons discussed in this Order.

DATED at Denver, Colorado, this 22nd day of August.

BY THE COURT:


*s/Craig B. Shaffer*
Craig B. Shaffer
United States Magistrate Judge

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

**CERTIFICATE OF MAILING**

Civil Action No. 11-cv-01598-BNB

Rick Alan Pixley
1720 Jolene Dr
Denver, CO 80229

     I hereby certify that I have mailed a copy of the **ORDER** to the above-named individuals on August 22, 2011.

GREGORY C. LANGHAM, CLERK

By:_____
               Deputy Clerk