IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

FILED
UNITED STATES DISTRICT COURT
DENVER, COLORADO

SEP 2 8 2011

GREGORY C. LANGHAM
CLERK

Civil Action No. 11-cv-01598-BNB

RICK ALAN PIXLEY,

        Plaintiff,

v.

ADAMS COUNTY COLORADO,
ADAMS COUNTY SHERIFFS OFC. [sic],
DEPUTY GILBERT ABDULLAH,
DEPUTY CHRISTOPHER EYE, and
DEPUTY JAI ROGERS,

        Defendants.

_____

ORDER TO DISMISS IN PART AND TO DRAW CASE
TO A DISTRICT JUDGE AND TO A MAGISTRATE JUDGE

_____

        Plaintiff, Rick Alan Pixley, initiated this action by filing *pro se* a Complaint

asserting a deprivation of his constitutional rights pursuant to 42 U.S.C. § 1983.  Mr.

Pixley has been granted leave to proceed *in forma pauperis* pursuant to 28 U.S.C.

§ 1915.

        On August 22, 2011, Magistrate Judge Boland determined that the Complaint

was deficient because Mr. Pixley failed to allege facts to show that Defendant Adams

County, Colorado, was liable for the alleged constitutional violations under § 1983.

Therefore, Magistrate Judge Boland directed Mr. Pixley to file an Amended Complaint

within thirty days of the August 22 Order.  Magistrate Judge Boland warned Mr. Pixley

that if he failed to file an Amended Complaint within the time allowed, his claims against

Defendants Adams County, Colorado, and Adams County Sheriff's Ofc. [sic] would be

dismissed. Mr. Pixley has not filed an Amended Complaint to date.

The Court must construe the original Complaint liberally because Mr. Pixley is not represented by an attorney. *See Haines v. Kerner*, 404 U.S. 519, 520-21 (1972); *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991). If the Complaint reasonably can be read "to state a valid claim on which the plaintiff could prevail, [the Court] should do so despite the plaintiff's failure to cite proper legal authority, his confusion of various legal theories, his poor syntax and sentence construction, or his unfamiliarity with pleading requirements." *Hall*, 935 F.2d at 1110. However, the Court should not be an advocate for a *pro se* litigant. *See id.*

Pursuant to 28 U.S.C. § 1915A, the Court is required to review the Complaint because Mr. Pixley is a prisoner and some of the Defendants are officers or employees of a governmental entity. Pursuant to § 1915A(b)(1), the Court is required to dismiss the complaint, or any portion of the complaint, that is frivolous. A legally frivolous claim is one in which the plaintiff asserts the violation of a legal interest that clearly does not exist or asserts facts that do not support an arguable claim. *See Neitzke v. Williams*, 490 U.S. 319, 324 (1989).

Mr. Pixley alleges that on April 8, 2011, he was arrested by two Adams County sheriff's deputies who were assisted by a third sheriff's deputy from the K-9 unit. Plaintiff alleges that after he surrendered to the sheriff's deputies, and was restrained by them physically, they allowed the canine to attack him on his arm, stomach, and upper chest. Mr. Pixley alleges that he suffers permanent injuries to his arm as a result of the canine attack, has undergone four surgeries, and can no longer perform his job as a

2

construction worker.  He requests compensatory damages from the Defendants.

The Adams County Sheriff's Ofc. [sic] is an improper party to this action.  The Sheriff's Department is not an entity separate from Adams County, Colorado, and is not a person subject to suit under § 1983.  *See Stump v. Gates*, 777 F. Supp. 808, 814-16 (D. Colo. 1991), *aff'd*, 986 F.2d 1429 (10th Cir. 1993).  In addition, a local government entity such as Adams County is not liable under 42 U.S.C. § 1983 solely because its employees inflict injury on a plaintiff.  *Monell v. New York City Dep't of Social Servs.*, 436 U.S. 658, 694 (1978); *Hinton v. City of Elwood, Kan.*, 997 F.2d 774, 782 (10th Cir. 1993).  A plaintiff seeking to hold a municipality or county liable for his injuries under 42 U.S.C. § 1983 must show that a policy or custom exists and that there is a direct causal link between the policy or custom and the injury alleged.  *City of Canton, Ohio v. Harris*, 489 U.S. 378, 385 (1989); *Myers v. Oklahoma County Bd. of County Comm'rs*, 151 F.3d 1313, 1316-20 (10th Cir. 1998).  Mr. Pixley cannot state a claim for relief under § 1983 merely by pointing to isolated incidents.  *See Monell*, 436 U.S. at 694.

Mr. Pixley has not alleged facts to demonstrate that a policy of Defendant Adams County was the moving force behind the alleged constitutional deprivations inflicted by Defendants Abdullah, Eye, and Rogers.  *Id.*  Defendant Adams County, Colorado, therefore is an improper party to this action and will be dismissed.

On completion of the Court's review pursuant to D.C.COLO.LCivR 8.2C, the Court has determined that Mr. Pixley's claims against Defendants Abdullah, Eye, and Rogers do not appear to be appropriate for summary dismissal and that the case should

be drawn to a district judge and to a magistrate judge.  *See* D.C.COLO.LCivR 8.2D.

Accordingly, it is

ORDERED that Defendants Adams County, Colorado and Adams County

Sheriff's Ofc. [sic] are dismissed as parties to this action for Plaintiff's failure to allege a

causal link between the alleged constitutional deprivations and a policy of Adams

County.   It is

FURTHER ORDERED that this case shall be drawn to a district judge and to a

magistrate judge.

DATED at Denver, Colorado, this __28th__ day of __September_____, 2011.

BY THE COURT:

__s/Lewis T. Babcock_____
LEWIS T. BABCOCK, Senior Judge
United States District Court

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

**CERTIFICATE OF MAILING**

Civil Action No. 11-cv-01598-BNB

Rick Alan Pixley
1720 Jolene Dr
Denver, CO 80229

     I hereby certify that I have mailed a copy of the **ORDER** to the above-named individuals on September 28, 2011.


                                 GREGORY C. LANGHAM, CLERK


                       By:_____
                                    Deputy Clerk